SHIRES et ux. v. REYNOLDS et ux.

No. 35563.   March 31, 1953.

*255 P. 2d 491.*

T. Austin Gavin, Tulsa, for plaintiffs in error.

C. R. Thurlwell, Tulsa, for defendants in error.

ARNOLD, J. Oren T. Shires and his wife, Laura M. Shires, plaintiffs in error, filed a suit in Tulsa county against defendants in error, W. L. Reynolds and Fern Reynolds, for breach of warranty alleging failure to pay taxes assessed against property conveyed by Reynolds to plaintiffs, which taxes had been paid by plaintiffs to meet the requirements made by a building and loan company on application for loan. A predecessor in title of Reynolds procured a correction order by the county commissioners of Tulsa county purporting to cancel the taxes in question.

This is the second time this case has been appealed, Shires v. Reynolds, 203 Okla. 573, 224 P. 2d 580. The affidavit now assertedly filed before the issuance of the correction order was not in the former record, nor was the certificate of error or the correction order.

In our former opinion we held:

"Orders of an administrative board in the performance of quasi-judicial functions will be declared invalid unless its jurisdiction affirmatively appears."

The taxes collected accrued and were assessed for the years 1929, 1930, 1931 and 1932. As disclosed by our former opinion a 1937 Act of the Legislature dealing with the same subject matter, to wit: the issuance of correction orders by the county commissioners, was held unconstitutional before the original trial of this cause, and as further disclosed by our former opinion, the 1916 act which was the only authority available requires that "good cause" be shown for not appearing before the board of equalization as a prerequisite

to the issuance of a correction order. The record before us at that time did not show the jurisdiction of the board of county commissioners nor was the evidence on the point sufficient to disclose "good cause". The cause was "reversed". After the mandate was spread of record the trial judge permitted Reynolds to file an amended answer, set the cause for trial, and tried it over the objections of plaintiffs who sought judgment in accordance with our opinion.

On retrial an affidavit purportedly filed by the applicant for the correction order was introduced in evidence. This affidavit is as follows:

"State of Oklahoma, County of Tulsa, SS:

"Application for Correction of Erroneous Assessment.

"To; The Honorable Board of County Commissioners of Tulsa County, State of Oklahoma.

"Comes now C. L. Penn, the undersigned, who first being duly sworn says that he is a non-resident of the State of Oklahoma and that the described premises, attached hereto, were erroneously and excessively assessed in excess of their fair taxable value for said years.

"That the undersigned did not appear before the Board of Equalization for said years, for the reason that he is a non-resident of the State.

"It is therefore, asked that the Board of County Commissioners strike said assessment for said years and re-assess said property as set out in the attached Exhibit by deducting the amounts as therein shown.

"C. L. Penn

"Subscribed and sworn to before me this 27th day of March, 1937.

"O. E. Clift, Notary Public

"Ellis County, Texas

"My commission expires May 31, 1937."

Also, the alleged minutes of the commissioner's meeting at the time of the presentation of the application for correction order were introduced and are as follows:

"Thursday, April 1, 1937.

"A special meeting of the Board of County Commissioners was called by the Chairman, John H. Miller, at the hour of 9:00 A.M., and the following members were present: John H. Miller, Chairman; J. B. Gray and Harry L. Hopkins, members.

* * *

"Motion by Commissioner Hopkins, seconded by Commissioner Gray, that the application for correction of erroneous assessment filed by C. L. Penn, covering real estate in Tulsa County, Oklahoma, for the years 1929, 1930, 1931, and 1932, be and the same is hereby granted and the County Clerk is hereby instructed to issue a certificate of error covering same. All members voting in the affirmative, motion was by the Chairman declared carried."

Oral testimony was adduced by a witness who was a county commissioner at the time the correction order was entered and who had testified at the former trial that he had no independent recollection of the presentation of the application herein questioned. On cross-examination he again admitted that he had no independent recollection of the showing of "good cause". J. B. Gray, another county commissioner at the time of the entry of the order, also testified but said that he had no independent recollection of the matter whatever. One Tune testified that Penn, the owner when the taxes were assessed and who procured the issuance of the correction order, was a resident of the State of Texas, but now deceased.

The principle of law determined by this court in the former appeal constitutes the law of this case. The correction order referred to as a judgment by Reynolds does not show jurisdiction of the commissioners to enter it and the testimony hereinbefore detailed is wholly insufficient to show "good cause". A showing of nonresidency alone is not sufficient to show the

"good cause" required by the 1916 act and the other testimony has no probative value.

The order of correction was and is invalid and the trial judge is ordered to vacate the judgment heretofore entered and enter judgment for the plaintiff for the amount sued for together with proper interest.

Reversed.

HALLEY, C.J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.